**STATE of Missouri, Respondent,**

v.

**Louis Dale COWAN, Appellant.**

**No. 46107.**

Supreme Court of Missouri,
Division No. 1.

March 10, 1958.

Shaw & Smith, Clayton, for appellant.

John M. Dalton, Atty. Gen., John C. Baumann, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Defendant Cowan was charged with and convicted of robbery in the first degree with a deadly weapon. The information also alleged two prior convictions and discharges from the sentences imposed in those cases. Upon a trial in the Circuit Court of St. Louis County, a jury found defendant guilty and assessed his punishment at life imprisonment in the State Penitentiary. From the sentence imposed, he appealed.

The offense was alleged to have been committed in St. Louis County, Missouri, on January 26, 1955. The information charged that Cowan, on that day, entered a Super-Save Store and at the point of a pistol took from Lucy Coleman and Lila Fitzsimmons, who were employees at the store and were in charge of the cash, the sum of $697.

The evidence of Lucy Coleman and Lila Fitzsimmons was that about 3:15 o'clock on the afternoon of January 26, 1955, a man with his hat on and a cloth covering his nose and mouth came to the cashier's office in the store with a pistol in his hand and demanded that he be given the money in the cash drawer. Lila Fitzsimmons reached in the drawer, took the money, and handed it to the man. The man then departed. Lucy Coleman testified that she noticed the man's hair at the back of his head; that it was dark red; that she saw his eyes plainly and observed his general appearance.

The police department submitted photographs of 20 men to Lucy Coleman and also to Lila Fitzsimmons and each selected the photo of the defendant Cowan as the man who had committed the robbery. Later, after Cowan was taken into custody, he, along with a number of other men, was placed in the "show up" room and the two witnesses identified Cowan as the man. Lucy Coleman further testified that Cowan had been in the store on a number of occasions and she had cashed checks for him. At the trial, the two witnesses identified the defendant as the man who had committed the robbery.

■ Defendant, in one of his points briefed, contends the trial court erred in permitting a conviction of defendant to be shown when he was under 16 years of age. It may be stated that this was not one of the convictions relied on by the State, as charged in the information. The conviction came into evidence while defendant was testifying. He was asked how many times he had been convicted in addition to those stated in the information. Cowan's answer was that he had been convicted of various offenses and that in 1943 or 1942 he was convicted on a charge of "highway robbery and given two years." At the request of the defendant's counsel, the trial court instructed the jury to disregard that conviction because the defendant was at that time a juvenile below the age of 16 years. State v. Michels, Mo., 255 S.W.2d 760, 764(10). The record does not show that a mistrial was requested and even if it had been requested, the trial court was not in error in failing to declare a mistrial. The information of the conviction was volunteered and the record does not show that Cowan's case of robbery in 1942 or '43 was dealt with in the juvenile court or in the circuit court. Sec. 211.520, RSMo 1949, V.A.M.S., since repealed, and a new section enacted in lieu thereof: Sec. 211.-071, Cum.Supp. RSMo 1957 Anno.

■ The defense interposed was an alibi. Defendant testified that on the after-

noon of January 26, at the time the robbery was alleged to have been committed, he drove to the Mallinckrodt Chemical Company where his mother was employed and from there took his mother home in his car. Cowan's mother, whose name was Mrs. Black at the time of trial, so testified and on cross-examination was asked as to her whereabouts on various days. She was also asked about evidence she had given in a case on July 28, 1954. Defendant, in his brief, based an assignment of error on this cross-examination. The following occurred immediately prior to defendant's objection:

"Q. Mrs. Black, I want to ask you, then, if you did not testify in another hearing, that on July 18th, 1954, you were with your son for some time that day? A. I tell you just this: I can't remember for sure, July 18th. I don't know right now about whether I started to work. We went to the country for two weeks after I was married and I can't remember now, whether we were gone those two weeks or not.

"Q. Do you remember it was July 28th, you were a witness in a case in which you testified specifically to where your son was and what he did on July 18th, '54? A. I remember testifying I was with him, but the dates right now, are indistinct, because I can't remember.

"Q. I will ask you, if, on November 15th, 1955, you did not testify that on July 16th, 1955 you were with your son during a substantial part of that day? A. I was with him quite a bit then. He just lived in a trailer. He was in and out of it.

"Q. My question is: Don't you remember testifying for your son on some other occasions? A. Yes, I do."

At this point, so the record shows, the attorneys approached the bench and had a discussion without the hearing of the jury. Defendant's attorney, during this discussion, entered an objection to the question asked and requested that a mistrial be declared for the reason that the State was attempting to prove some other offense for which the defendant had been tried. The State's attorney insisted the questioning was for the purpose of impeaching the witness' memory. After some discussion, the trial court ruled and stated that the only question before the court was defendant's request to discharge the jury and declare a mistrial. This request was denied. In so ruling, the trial court was correct. No objection was made to any of the questions asked before the answers had been given. The record does not show whether the case about which Mrs. Black was being asked was a civil or criminal case. The objection, having been made after a witness had answered all questions asked on this subject, came too late. State v. Cain, Mo., 37 S.W.2d 416, loc. cit. 418(4); State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, loc. cit. 888(24, 25). Declaring a mistrial rests to a great extent within the discretion of the trial court. There was no abuse of such discretion in this case.

Defendant did not brief any other points.

■ At the time this case was up for oral argument in this court on January 14, the attorney for the defendant stated that he had given the Attorney General's office a copy of his brief and requested 10 days in which to file the brief with the clerk of this court. This request was granted. The brief should have been filed on or before January 24. After some prodding in the way of telephone calls and letters, the attorney finally, on February 11, authorized the Attorney General's office to file the brief that had been served on that office as defendant's brief. The brief, by permission of the court, was then filed. In the interim, that is, between January 24 and February 11, an opinion had been prepared in this case in which all of the points in the motion for new trial were reviewed. The points not briefed were found to be without merit. We are omitting the discussion of

these points in the present opinion for the reason that all questions not briefed are considered waived. However, we desire to call attention to the matter for the reason that when attorneys are given permission to file briefs out of time, they should be prompt in complying with the order.

We have examined the information, verdict and judgment, and find them in proper form. The record also shows that a jury was sworn to try the case, motion for new trial filed and overruled, and defendant was accorded allocution. In the trial of this case, defendant was represented by able counsel and after a fair trial, a jury found defendant guilty as charged. We are not justified in disturbing that finding. No error appearing in the record, the judgment is affirmed.

All concur.